# Exhibit "A"

1   Thomas H. Allen, State Bar #11160
    Katherine Anderson Sanchez, State Bar #30051
2   **ALLEN MAGUIRE & BARNES, PLC**
    1850 N. Central Ave., Suite 1150
3   Phoenix, Arizona 85004
    Ofc: (602) 256-6000
4   Fax: (602) 252-4712
    Email: tallen@ambazlaw.com
5           ksanchez@ambazlaw.com

6   Attorneys for Debtor

7              **UNITED STATES BANKRUPTCY COURT**

8                  **DISTRICT OF ARIZONA**

9   In re:                          CHAPTER 11

10  DIAMOND R LLC,                  Case No. 3:14-bk-14118-EPB

11          Debtor.                 **DEBTOR'S PLAN OF REORGANIZATION
                                    DATED APRIL 20, 2015**
12

13          Diamond R, LLC, the Debtor and Debtor-in-possession in the above-captioned Chapter

14  11 case ("Debtor"), hereby files this *Plan of Reorganization Dated April 20, 2015*.

15

16

17                  [remainder of page intentionally left blank]

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**TABLE OF CONTENTS** .................................................................................................... II

**ARTICLE I – INTRODUCTION** ...................................................................................... 1

**ARTICLE II - DEFINITIONS** ........................................................................................... 1

    **2.1**    ADMINISTRATIVE CLAIM ....................................................................... 1

    **2.2**    ALLOWED CLAIM ..................................................................................... 2

    **2.3**    ALLOWED SECURED CLAIM ..................................................................... 2

    **2.4**    ALLOWED UNSECURED CLAIM ................................................................ 2

    **2.5**    ASSETS ...................................................................................................... 2

    **2.6**    BALLOT ..................................................................................................... 2

    **2.7**    BANKRUPTCY CODE ................................................................................. 3

    **2.8**    BANKRUPTCY COURT OR COURT ............................................................ 3

    **2.9**    BANKRUPTCY RULES ............................................................................... 3

    **2.10**    BAR DATE ................................................................................................ 3

    **2.11**    BUSINESS DAY ......................................................................................... 3

    **2.12**    CHAPTER 11 CASE ................................................................................... 3

    **2.13**    CLAIM ...................................................................................................... 3

    **2.14**    CLAIMANT ............................................................................................... 4

    **2.15**    CLASS ....................................................................................................... 4

    **2.16**    CONFIRMATION DATE ............................................................................. 4

    **2.17**    CONFIRMATION HEARING ....................................................................... 4

    **2.18**    CONFIRMATION ORDER .......................................................................... 4

    **2.19**    COURT ..................................................................................................... 4

    **2.20**    CREDITOR ................................................................................................ 4

    **2.21**    DEBTOR .................................................................................................... 4

    **2.22**    DISCLOSURE STATEMENT ....................................................................... 4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | | |
|---|---|---:|
| **2.23** | **DISPUTED CLAIM** ............................................................. | 5 |
| **2.24** | **EFFECTIVE DATE** ............................................................... | 5 |
| **2.25** | **ESTATE** .............................................................................. | 5 |
| **2.26** | **EXECUTORY CONTRACT** ................................................... | 5 |
| **2.27** | **FINAL ORDER** ................................................................... | 5 |
| **2.28** | **GENERAL UNSECURED CLAIM** ........................................... | 5 |
| **2.29** | **PERSON** ............................................................................. | 6 |
| **2.30** | **PETITION DATE** ................................................................. | 6 |
| **2.31** | **PLAN** ................................................................................. | 6 |
| **2.32** | **PROFESSIONAL FEES** ......................................................... | 6 |
| **2.33** | **PROOF OF CLAIMS BAR DATE** ........................................... | 6 |
| **2.34** | **PROOF OF INTEREST BAR DATE** ........................................ | 6 |
| **2.35** | **PROPERTY** ......................................................................... | 6 |
| **2.36** | **PROPONENT** ...................................................................... | 6 |
| **2.37** | **PRO RATA** ......................................................................... | 6 |
| **2.38** | **SECURED CLAIM** ............................................................... | 7 |
| **2.39** | **SECURED CREDITOR** .......................................................... | 7 |
| **2.40** | **SUBORDINATED CLAIM** ..................................................... | 7 |
| **2.41** | **UNSECURED CLAIM** ........................................................... | 7 |
| **2.42** | **UNSECURED CREDITOR** ...................................................... | 7 |
| **ARTICLE III - GENERAL TERMS AND PROVISIONS** .............................. | | 7 |
| **3.1** | **CLASS OF CLAIMS AND PAYMENT** ...................................... | 7 |
| **3.2** | **TIME FOR FILING CLAIMS** ................................................ | 8 |
| **3.3** | **CLAIM DISPUTE RESOLUTION** ........................................... | 8 |
| **3.4** | **EXECUTORY CONTRACTS** ................................................. | 9 |
| **ARTICLE IV - CLASSIFICATION OF CLAIMS AND INTERESTS** ................. | | 9 |

4.1     CLASS I - ADMINISTRATIVE CLAIMS ........................................................9

4.2     CLASS II – SECURED CLAIMS..................................................................9

4.2.1   CLASS II(A) – SECURED CLAIM OF J. SCOTT MILLER, HANS R. GRAF AND DAN BAILEY ............................................................................................................9

4.2.2   CLASS II(B) – SECURED CLAIM OF CALIFORNIA BUSINESS BANK ...........9

4.3     CLASS III–UNSECURED CREDITORS.......................................................10

ARTICLE V - PLAN IMPLEMENTATION ........................................................10

ARTICLE VI - TREATMENT OF CLAIMS AND INTERESTS ........................10

6.1     CLASS I - ADMINISTRATIVE CLAIMS .....................................................10

6.2     CLASS II – SECURED CLAIMS................................................................10

6.2.1   CLASS II(A) – SECURED CLAIM OF J. SCOTT MILLER, HANS R. GRAF AND DAN BAILEY ..........................................................................................................11

6.2.2   CLASS II(B) – SECURED CLAIM OF CALIFORNIA BUSINESS BANK .........11

6.3     CLASS III–UNSECURED CLAIMS ..........................................................12

ARTICLE VII - VOTING PROCEDURE ............................................................12

ARTICLE VIII - BINDING EFFECT OF PLAN ................................................12

ARTICLE IX - EFFECT OF CONFIRMATION ................................................13

ARTICLE X - MODIFICATION OF PLAN ........................................................13

10.1    PRE-CONFIRMATION ...........................................................................13

10.2    POST-CONFIRMATION .........................................................................13

10.3    ACCEPTANCE OR REJECTION OF MODIFIED PLAN ...............................14

10.4    EFFECT ..............................................................................................14

ARTICLE XI - RETENTION OF JURISDICTION..............................................14

11.1    IN GENERAL.......................................................................................14

11.2    SALES.................................................................................................14

**11.3** PLAN DISPUTES..........................................................................................**15**

**11.4** FURTHER ORDERS........................................................................................**15**

**11.5** OTHER CLAIMS.............................................................................................**15**

**11.6** ENFORCEMENT OF PLAN..............................................................................**15**

**11.7** APPEALS.....................................................................................................**15**

**11.8** TAX ISSUES.................................................................................................**15**

**11.9** UNEXPIRED LEASES AND OTHER EXECUTORY CONTRACTS........................**16**

**11.10** SETTLEMENT AGREEMENT DISPUTES.......................................................**16**

**11.11** PROFESSIONAL FEES AND COSTS...............................................................**16**

**11.12** CLOSE OF CASE...........................................................................................**16**

**ARTICLE XII - RETENTION AND PROSECUTION OF CLAIMS**.....................................**16**

**12.1** PRESERVATION OF DEBTOR'S CLAIMS, DEMANDS, AND CAUSES OF ACTION............**16**

**12.2** PROCEDURE FOR DETERMINATION OF CLAIMS...........................................**16**

**12.3** DISPUTED CLAIMS.......................................................................................**17**

**12.4** TREATMENT OF CONTINGENT CLAIMS.........................................................**17**

**12.5** ADMINISTRATIVE CLAIMS BAR DATE...........................................................**17**

**ARTICLE XIII - PROVISIONS GOVERNING DISTRIBUTIONS**.......................................**18**

**13.1** DISTRIBUTIONS BY REORGANIZED DEBTOR. ..............................................**18**

**13.2** DATE OF DISTRIBUTIONS.............................................................................**18**

**13.3** DELIVERY OF DISTRIBUTIONS......................................................................**18**

**13.4** MEANS OF PAYMENT...................................................................................**19**

**13.5** DEMINIMIS CASH DISTRIBUTIONS...............................................................**19**

**13.6** SETOFF.......................................................................................................**19**

**13.7** PRE-PAYMENT OF PLAN OBLIGATIONS.......................................................**19**

**ARTICLE XIV - GENERAL PROVISIONS**..................................................................**19**

**14.1** EXTENSION OF PAYMENT DATES..................................................................**19**

**14.2**    **NOTICES** ........................................................................................**19**

**14.3**    **CLOSING OF THE CASE** ..................................................................**20**

**14.4**    **EXCULPATION AND LIMITATION OF LIABILITY** ..............................**20**

**14.5**    **GENERAL INJUNCTION** ..................................................................**20**

**14.6**    **INTEREST** .....................................................................................**21**

**14.7**    **ADDITIONAL ASSURANCES** ...........................................................**21**

**14.8**    **CONFIRMATION BY NON-ACCEPTANCE METHOD** ...........................**21**

**14.9**    **VESTING** ......................................................................................**21**

**14.10**    **SUCCESSORS AND ASSIGNS** ..........................................................**21**

**14.11**    **WITHDRAWAL OF PLAN** ...............................................................**22**

**14.12**    **SEVERABILITY AND REFORMATION** ..............................................**22**

**14.13**    **PROHIBITION AGAINST PREPAYMENT PENALTIES** .........................**22**

**14.14**    **FRACTIONAL DOLLARS** ................................................................**22**

**14.15**    **PAYMENT OF STATUTORY FEES AND FILING OF QUARTERLY REPORTS** ...............**22**

**14.16**    **GOVERNING LAW** ........................................................................**23**

**14.17**    **SPECIAL TAX ISSUES** ...................................................................**23**

**14.18**    **CONFLICTS BETWEEN PLAN AND CONFIRMATION ORDER** .............**23**

# ARTICLE I – INTRODUCTION

Debtor proposes this *Plan of Reorganization Dated April 20, 2015.* All creditors and parties in interest are encouraged to consult the Debtor's *Disclosure Statement Dated April 20, 2015* (Disclosure Statement"), which was prepared by the Debtor and approved by the Bankruptcy Court, before voting to accept or reject the Plan. **NO SOLICITATION MATERIALS HAVE BEEN APPROVED OR AUTHORIZED BY THE BANKRUPTCY COURT AND THE BANKRUPTCY CODE IN SOLICITING ACCEPTANCES OR REJECTIONS OF THIS PLAN.**

# ARTICLE II - DEFINITIONS

**Rules of Construction.** The following terms shall have the meanings specified below when used in this Plan. Wherever from the context it appears appropriate, each term stated in either the singular or the plural shall include the singular and the plural, and pronouns stated in the masculine, feminine, or neuter gender shall include the masculine, the feminine, and the neuter. The words "herein," "hereof," "hereto," "hereunder," and others of similar import refer to the Plan as a whole and not to any particular section, subsection, or clause contained in the Plan. Unless otherwise specified, all section, schedule, or exhibit references in the Plan are to the respective section in, schedule to, or Exhibit to the Plan. The headings in the Plan are for convenience of reference only and shall not limit or otherwise affect the provisions of the Plan. The Rules of Construction contained in § 102 of the Bankruptcy Code shall apply to the construction of the Plan, and terms that are defined by the Bankruptcy Code shall have that meaning defined by the Bankruptcy Code unless specifically modified herein. All terms not specifically defined by this Plan shall have the meaning designated in the Bankruptcy Code, or, if not defined therein, their ordinary meaning. These definitions are a substantial and operative part of the Plan.

## 2.1 Administrative Claim

This term refers to and means every cost or expense of administration of this case allowed under Bankruptcy Code § 503(b) and referred to in Bankruptcy Code § 507(a)(1), including, without limitation: (i) any actual and necessary expense of preserving the estate as

approved by the Bankruptcy Court; (ii) all professional charges; and (iii) all fees and charges assessed against the Debtor's estate under Chapter 123 of Title 28, United States Code.

**2.2**  **Allowed Claim**

This term refers to and means every Claim: (a) (i) as to which a proof of such Claim has been filed within the time fixed by the Bankruptcy Court or, if such Claim arises from the Debtor's rejection of an Executory Contract, no later than the first Business Day that is thirty (30) days after the Effective Date, or (ii) which the Debtor has scheduled in its Schedules (including any amendments thereto) as liquidated in amount and undisputed; and in either event: (b) (i) as to which no objection to the allowance of such Claim has been filed within any applicable time period fixed by the Bankruptcy Court, or (ii) as to which the order allowing such Claim has become final and non-appealable without any appeal, review, or other challenge of any kind to that order having been taken or being still timely.  The term Allowed Claim may be used throughout the Plan with each of the various Creditors' Claims or Classes of those Claims (*e.g.*, "Allowed Administrative Claims" or "Allowed Class I Claims") to signify that such Claims are, will be, or must be Allowed Claims to qualify for certain treatment under the Plan.

**2.3**  **Allowed Secured Claim**

This term refers to and means a claim that is both an Allowed Claim and a Secured Claim.

**2.4**  **Allowed Unsecured Claim**

This term refers to and means a claim that is both an Allowed Claim and an Unsecured Claim.

**2.5**  **Assets**

This term refers to and means, collectively, each and every item of property and interests of the Debtor as of the Effective Date, whether tangible or intangible, real or personal, legal or equitable, liquidated or unliquidated.

**2.6**  **Ballot**

This term refers to and means the ballot for accepting or rejecting the Plan which will be distributed to holders of claims in Classes that are impaired under this Plan and are entitled to

vote on this Plan.

**2.7 Bankruptcy Code**

This term refers to and means Title 11 of the United States Code, 11 U.S.C. §§101, et seq., as now existing or hereafter amended during this case.

**2.8 Bankruptcy Court or Court**

These terms refer to and mean the United States Bankruptcy Court for the District of Arizona, Phoenix Division, or any other court that exercises jurisdiction over all or part of the Bankruptcy Case, including the United States District for the District of Arizona to the extent that the reference of all or part of the Bankruptcy Case is withdrawn.

**2.9 Bankruptcy Rules**

This term refers to and means the Federal Rules of Bankruptcy Procedure promulgated under 28 U.S.C. § 2075 and the local rules of Court, as applicable during the term of the Bankruptcy Case.

**2.10 Bar Date**

This term refers to and means the last day for filing proofs of claims, which shall be the date the Disclosure Statement is approved by the Court. All Creditors (except (a) Creditors with Administrative Claims that arise after the Bar Date, and (b) Chapter 11 Professionals, and (c) Creditors holding Claims from the rejection of unexpired leases or Executory Contracts must have filed proofs of claim by the Bar Date, or their Claim shall be forever barred and discharged.

**2.11 Business Day**

This term refers to and means every day except Saturdays, Sundays, and holidays observed by the Bankruptcy Court.

**2.12 Chapter 11 Case**

This term refers to and means the case under Chapter 11 of the Bankruptcy Code that was commenced by the filing of a voluntary Chapter 11 petition by Debtor on the Petition Date.

**2.13 Claim**

This term refers to and means "claim" as defined in Bankruptcy Code §101(5).

/ / /

**2.14    Claimant**

This term refers to and means the holder of a Claim.

**2.15    Class**

This term refers to and means each of the categories of claims described in Article IV of the Plan.

**2.16    Confirmation Date**

This term refers to and means the date on which the Bankruptcy Court enters the Confirmation Order.

**2.17    Confirmation Hearing**

This term refers to and means the hearing regarding confirmation of the Plan conducted by the Bankruptcy Court pursuant to Bankruptcy Code § 1128, including any adjournment or continuation of that hearing from time to time.

**2.18    Confirmation Order**

This term refers to and means the order of the Bankruptcy Court confirming the Plan pursuant to Bankruptcy Code § 1129.

**2.19    Court**

This term is defined in a preceding Section of this Article II, which defines the term "Bankruptcy Court."

**2.20    Creditor**

This term refers to and means "creditor" as defined in Bankruptcy code § 101(10), 11 U.S.C. § 101(10).

**2.21    Debtor**

This term refers to and means Diamond R, LLC

**2.22    Disclosure Statement**

This term refers to and means the *Debtor's Disclosure Statement Dated April 20, 2015*, presented by the Debtor with respect to the Plan, in its present form or as it may be altered, amended, or modified.

/ / /

**2.23    Disputed Claim**

This term refers to and means every claim: (a) that is scheduled by the Debtor as disputed, contingent, or unliquidated; and/or (b) that is not an Allowed Claim.    Where performance is to be rendered under the Plan to any creditor in respect to a Disputed Claim, such performance shall not be due (notwithstanding the occurrence of the Effective Date for all other purposes and legal effects) unless and until such Disputed Claim becomes, wholly or in part, an Allowed Claim.

**2.24    Effective Date**

This term refers to the first day of the calendar month that occurs after the thirtieth calendar day after the Confirmation Date.

**2.25    Estate**

This term refers to and means the bankruptcy estate of the Debtor created under Bankruptcy Code § 541.

**2.26    Executory Contract**

This term refers to and means every unexpired lease and other contract that is subject to being assumed or rejected under 11 U.S.C. § 365.

**2.27    Final Order**

This term refers to and means an order or judgment of the Court which (a) shall not have been reversed, stayed, modified or amended and the time to appeal from, or to seek review or rehearing of, shall have expired and as to which no appeal or petition for review, or hearing for certiorari is pending, or (b) if appealed from, shall have been affirmed and no further hearing, appeal or petition for certiorari can be taken or granted.

**2.28    General Unsecured Claim**

This term refers to and means every Unsecured Claim against the Debtor (including, but not limited to, every such Claim arising from the rejection of an Executory Contract, and Unsecured Deficiency Claims) which will be classified and paid under the Plan as the Plan provides for Class III Claims.

/ / /

**2.29 Person**

This term refers to and means "person" as defined in Bankruptcy Code § 101(41).

**2.30 Petition Date**

This term refers to and means the filing date of the voluntary Chapter 11 petition of the Debtor. The Petition Date in this Chapter 11 Case is September 15, 2014.

**2.31 Plan**

This term refers to and means "*Debtor's Plan of Reorganization Dated April 20, 2015*", and every amendment to or modification thereof, if any, filed by the Debtor.

**2.32 Professional Fees**

This term refers to and means any of the interim and final professional fees and expenses charged by the Chapter 11 Professionals.

**2.33 Proof of Claims Bar Date**

This refers to and means any deadline fixed by the Bankruptcy Court for the filing of claims in the Bankruptcy Case (except for claims arising out of the rejection of an executory contract or an unexpired lease).

**2.34 Proof of Interest Bar Date**

This refers to and means any deadline fixed by the Bankruptcy Court for the filing of Proofs of Interest (equity claims) in the Bankruptcy Case.

**2.35 Property**

This term refers to, with respect to the Debtor, all rights, causes of action, all of the right, title and interest in and to Property (real or personal, tangible or intangible) of whatever type or nature, owned by the Debtor as of the Effective Date, together with Property subsequently acquired by the Debtor, and including, but not limited to, Property as defined in Section 541 of the Bankruptcy Code.

**2.36 Proponent**

This term refers to and means Diamond R. LLC, who is the proponent of this Plan.

**2.37 Pro Rata**

This term refers to and means the proportion that an Allowed Claim in a particular Class

bears to the total amount of all Allowed Claims in that Class.

**2.38    Secured Claim**

This term refers to and means every claim or portion thereof which is asserted by a creditor holding such claim to be secured by a lien, security interest, or assignment encumbering property in which the Debtor has an interest, **provided, however,** that such claim shall be a Secured Claim only to the extent of the validity, perfection, and enforceability of the claimed lien, security interest, or assignment and only to the extent of the value of the interest of the creditor holding such claim against such property of the Debtor.

**2.39    Secured Creditor**

This term refers to and means every creditor that holds a Secured Claim in the Bankruptcy Case.

**2.40    Subordinated Claim**

This term refers to and means any claim judged to be subordinated pursuant to 11 U.S.C. § 510.

**2.41    Unsecured Claim**

This term refers to and means all claims held by creditors of the Debtor, including deficiency claims, dissolution claims and claims arising out of the rejection of executory contracts, other than Secured Claims, administrative claims, tax claims and equity claims.

**2.42    Unsecured Creditor**

This term refers to and means the owner or holder of an Unsecured Claim.

**ARTICLE III - GENERAL TERMS AND PROVISIONS**

The following General Terms and Provisions shall apply to this Plan.

**3.1    Class of Claims And Payment**

There are various classes of claims and interests defined in this Plan.  This Plan is intended to deal with all claims against the Debtor of whatever character, whether or not contingent or liquidated, and whether or not allowed by the Court under Section 502(h) of the Code.  Only those claims allowed under Section 502(a) of the Code will receive payment under this Plan.

### 3.2 Time For Filing Claims

The Court set a hearing for _____, at **230 N. First Avenue, 7th Floor, Courtroom Suite 703, Phoenix, Arizona**, to consider the adequacy of the Disclosure Statement and **SET THE ENTRY OF AN ORDER APPROVING THE DISCLOSURE STATEMENT AS THE BAR DATE FOR FILING PROOFS OF CLAIM** (except for claims arising out of the rejection of an executory contract or unexpired lease, or Class I Administrative Claims that occur after the Claim Bar Date), regardless of whether the claim was scheduled in the Debtor's bankruptcy schedules. On the 30th day after the Effective Date, all persons or entities claiming a Class I Administrative Claim (except for professionals employed pursuant to Section 327 of the Bankruptcy Code), that arose after the Claim Bar Date, shall file a final Application for Approval of Administrative Claim with the Bankruptcy Court and serve a copy of the Application for Approval of Administrative Claim upon counsel for the Debtor. Any holder of a Class I Administrative Claim that fails to timely file a final Application for Approval of Administrative Claim shall be deemed to have waived its claim and the claim will be disallowed.

Only Allowed Claims and interests will receive a distribution from Debtor's bankruptcy estate. The Debtor has the right to object to any claim where it appears that there is some dispute with regard to the claim or interest as filed. Unless deemed filed pursuant to Fed.R.Bankr.P. 3003(b), the failure to timely file a proof of claim or interest will result in disallowance of the claim or interest.

### 3.3 Claim Dispute Resolution

On or before the first business day that occurs on or after the 60th day after the Effective Date, the Debtor and/or any party in interest may file with the Bankruptcy Court, serving a copy upon counsel for the Debtor, an objection to any Application for Approval of Administrative Claim, proof of claim or interest filed, or deemed filed herein. No claim will be an Allowed Claim until timely filed objections to its allowance are resolved. The Court shall resolve all objections at a separate hearing or hearings. **Any claims not timely filed or allowed shall be discharged by the Confirmation Order.**

### 3.4 **Executory Contracts**

The Debtor will assume or reject all executory contracts prior to the hearing on Plan Confirmation. Any executory contract(s) not assumed or rejected will be deemed to have been rejected.

### ARTICLE IV - CLASSIFICATION OF CLAIMS AND INTERESTS

In accordance with Bankruptcy Code Section 1122, all claims or interests against the Debtor and/or Estate of Debtor are classified below:

### 4.1 **Class I - Administrative Claims**

Class I consists of the allowed Administrative Claims for actual and necessary costs and expenses of administration entitled to priority under Sections 503(b) and 507(a)(1) of the Bankruptcy Code. This class includes, without limitation, post-petition tax claims, Debtor's attorneys' fees, approved professional fees, and fees due the United States Trustee, if any.

### 4.2 **Class II – Secured Claims**

Class II consists of all Secured Claims against the Debtor. Each holder of a Secured Claim in Class II is considered to be in its own separate subclass within Class II, and each such subclass is deemed to be a separate Class for purposes of the Plan.

#### 4.2.1 **Class II(a) – Secured Claim of J. Scott Miller, Hans R. Graf and Dan Bailey**

Class II(a) consists of the Allowed Secured Claim of J. Scott Miller, Hans R. Graf and Dan Bailey ("Miller") relating to the Secured Promissory Note dated January 6, 2006 and as subsequently modified, as evidenced by Proof of Claim ("POC") No. 1 and secured by the 113 acres of vacant land located in Needles, California and the vacant land in Nogales, Arizona.

#### 4.2.2 **Class II(b) – Secured Claim of California Business Bank**

Class II(b) consists of the Allowed Secured Claim of California Business Bank ("CBB") relating to its Judgment Lien on the 113 acres of vacant land in Needles California and the single family home at 1184 Beach Drive, Needles, California.

/ / /

### 4.3     Class III–Unsecured Creditors

Class III consists of all Allowed Unsecured Claims that are not entitled to classification in any other Class of Claims.

## ARTICLE V - PLAN IMPLEMENTATION

The Plan will be implemented upon entry of an Order by the Bankruptcy Court confirming the Plan. Upon the Effective Date, or at such other time as specifically provided for in this Plan, creditors holding Allowed Claims will receive the treatment provided for in the Plan. Creditors will only be entitled to the treatment of the Class of Claims within which they belong upon having their claim allowed.

The Plan will be funded through the sale of the Rio Vistancia Property and the Nogales Property. Debtor anticipates that the primary capital that will fund the Plan of Reorganization will come from the sale of lots within the Rio Vistancia Property. Upon entry of the Confirmation Order, Debtor will apply to the relevant government authorities for approval of a parcel map. The parcel map will divide the Rio Vistancia Property into approximately thirty seven lots. The parcel maps from the City of Needles will cost approximately $3,290.00 and engineering will range between $7,500.00 and $10,000.00. These expenses will be paid by Debtors' principals. Unless a party in interest objects to the Debtor's estimate of value of any asset prior to confirmation of the Plan, the value of the assets set forth in the Plan shall be determinative.

## ARTICLE VI - TREATMENT OF CLAIMS AND INTERESTS

### 6.1     Class I - Administrative Claims

Holders of Allowed I Claims shall be paid, in full, on the Effective Date of the Plan of Reorganization from the Debtor's cash funds, or upon such other terms as the Debtor and the holders of Allowed Class I Claims agree. Class I Claims are not impaired.

### 6.2     Class II – Secured Claims

Unless otherwise specified, holders of Allowed Secured Claims in any of the Class II sub-classes shall receive full payment of the amount of their Allowed Secured Claims. Each Allowed Secured Claim shall be paid as specified below. Any of the Debtor's defaults under the

loan documents with the Allowed Secured Claimant shall be deemed cured as of the Effective Date. To the extent such loan documents provide for a default resulting from the Debtor's bankruptcy filing, such default shall not be enforceable. Notwithstanding any pre-bankruptcy agreements with Class III Claimants, the Debtor's statement of the value of each secured claim shall be final unless a creditor objects to the Debtor's value prior to the confirmation of the Plan. Class II Secured Creditors shall retain the liens securing their Allowed Claims. The liens securing Allowed Class II Secured Claims shall be extinguished upon payment of the Allowed Class II Secured Claim and no prepayment penalty shall apply. The holder of an Allowed Class II Secured Claim that has been paid shall promptly file or record notice of the release of its lien.

### 6.2.1 Class II(a) – Secured Claim of J. Scott Miller, Hans R. Graf and Dan Bailey

The holder of the Allowed Class II(a) Secured Claim shall receive payment in full from the sale of its collateral. The Allowed Class II(a) Claim will accrue interest at the contract rate of 9.0%. Class II(a) shall receive payment of 70% of the net sale price ("Miller Release Price") for each lot sold within the Rio Vistancia Property. The Miller Release Price shall be paid from escrow upon closing of the sale and Miller shall simultaneously release the lien on the lot sold. Debtor projects that the Class II(a) Allowed Secured Claim will be paid in full in year 3 of the Plan. In the event of a sale of the Nogales Property, the net proceeds after payment of the required taxes and costs of sale, will be paid to reduce the Class II(a) Claim. Class II(a) is impaired.

### 6.2.2 Class II(b) – Secured Claim of California Business Bank

The holder of the Allowed Class II(b) Secured Claim shall receive payment in full from the sale of its collateral. The Allowed Class II(b) Claim shall receive payment of 5% of the net sale price ("CBB Release Price") for each lot sold within the Rio Vistancia Property until Class II(a) is paid in full. After Class II(a) is paid in full, the CBB Release Price will increase to 75% of the net sale price for each lot sold. The CBB Release Price shall be paid from escrow upon closing of the sale and CBB shall release the lien on the lot sold. Debtor

projects that CBB's Allowed Secured Claim, which Debtor estimates at $1,235,000.00, will be paid in full in year four of the Plan. Class II(b) is impaired.

### 6.3 Class III–Unsecured Claims

Holders of Allowed Class III Claims shall receive payment in full of their Allowed Unsecured Claims. Debtor shall make yearly payments of $150,000.00 with the first payment due six months after the Effective Date ("Initial Payment Date"). Each Class III Claimant shall receive its pro rata share of the Unsecured Claims each year until paid in full. No interest will accrue or be paid to the holders of the Allowed Class III Claims and no creditor will be paid more than the full amount of its Allowed Class III Claim. If a Class III claim is not an Allowed Claim prior to thirty (30) days before the Initial Payment Date, the Class III Claim shall receive payment on the one year payment date that falls after their Class III Claim becomes an allowed claim. Upon receipt of their respective payments all Allowed Unsecured Claims in this Class shall be deemed paid and discharged in full. Class III is impaired.

### ARTICLE VII - VOTING PROCEDURE

Creditors will vote to accept or reject this Plan. THIS PLAN CANNOT BE CONFIRMED IF THE PLAN DOES NOT RECEIVE AT LEAST TWO-THIRDS (2/3) IN AMOUNT AND MORE THAN ONE-HALF (½) IN NUMBER OF ALLOWED CLAIMS VOTING IN EACH IMPAIRED CLASS, provided, however, if the requisite acceptances are not obtained from one or more Impaired Classes, the Court may nonetheless confirm the Proponent's Plan pursuant to 11 U.S.C. § 1129(b) if one Impaired Class accepts the Plan and the Court finds that the Debtor's Plan provides, among other things, fair and equitable treatment of the classes rejecting the Plan and that creditors receive as much or more under the Plan than they would receive in a Chapter 7 liquidation.

### ARTICLE VIII - BINDING EFFECT OF PLAN

The provisions of this Plan shall bind the Debtor and any person or entity holding a claim against the Debtor and its Estate, whether asserted or non-asserted, and any person asserting an interest in the Debtor, whether or not a claim or interest of such person or entity arose before or after the respective filing dates or the Effective Date, whether or not the claim or

interest is impaired under the Plan, and whether or not such person or entity has accepted the Plan.

## ARTICLE IX - EFFECT OF CONFIRMATION

Except as otherwise provided herein, the rights afforded in the Plan shall be in exchange for and in complete satisfaction, discharge and release of all claims against the Debtor of any nature whatsoever. All such claims against the Debtor shall be satisfied, discharged and released in full. All holders of claims against the Debtor shall be precluded from asserting against the Debtor, their Estate, or the assets or properties of the Debtor or their Estate any other or further claim based upon any omission, transaction or other activity of any kind or nature that occurred prior to the Effective Date. This discharge shall be effective as to each claim, regardless of whether the claim is listed on the Debtor's Statements or Schedules filed in these Chapter 11 proceedings, whether a proof of claim was filed, whether such proof of claim was withdrawn, whether the claim is an Allowed Claim, in whole or in part, or whether the holder of the claim votes to accept or reject this Plan. Upon the Effective Date, all the property of the Debtor will vest in the reorganized Debtor, who, subject to the obligation set forth in this Plan, may utilize the property free of any burdens of the Bankruptcy Code and without need to obtain Court approval of its actions.

## ARTICLE X - MODIFICATION OF PLAN

This Plan may be modified in accordance with the provisions of the Bankruptcy Code and Chapter 11 as follows:

### 10.1    Pre-Confirmation

In accordance with Section 1127(a) of the Bankruptcy Code, the modification of the Plan may be proposed in writing by the Proponent at any time before its Confirmation, provided that the Plan, as thus modified, meets the requirements of Sections 1122 and 1123 of the Code, and the Proponent complies with Section 1125 of the Code.

### 10.2    Post-Confirmation

In accordance with Section 1127(b) of the Bankruptcy Code, the Plan also may be modified at any time after its Confirmation and before its substantial consummation, provided

that the Plan as thus modified meets the requirements of Sections 1122 and 1123 of the Code, provided further that the circumstances then existing justify such modification, and the Court confirms the Plan as thus modified under Section 1129 of the Code.

### 10.3 Acceptance or Rejection of Modified Plan

Any holder of a claim or equity interest that has accepted or rejected the Plan will be deemed to have accepted or rejected, as the case may be, the Plan as modified unless, within the time fixed by the Bankruptcy Court for doing so, such holder changes its previous acceptance or rejection.

### 10.4 Effect

Every modification of the Plan will supersede the previous version of the Plan as and when ever each modification is effective. When superseded, the previous version of the Plan will be in the nature of a withdrawn or rejected settlement proposal, and will be null, void and unusable by the Debtor or any other party for any purposes whatsoever with respect to any of the contents of such version of the Plan.

## ARTICLE XI - RETENTION OF JURISDICTION

Notwithstanding the confirmation of this Plan, the Bankruptcy Court shall retain jurisdiction for all matters arising out of, or related to, the Bankruptcy Case and this Plan, including, but not limited to, all of the following:

### 11.1 In General

The Court shall retain jurisdiction to determine the allowance and payment of any claims upon any objection thereto (or other appropriate proceedings) by the Debtor, the Committee, or by any other party in interest entitled to proceed in that manner. As part of such retained jurisdiction, the Court shall continue to determine the allowance of Administrative Claims and any request(s) for payment(s) thereof, including professional fees and costs which are Administrative Claims classified as Class I Claims.

### 11.2 Sales

The Court shall retain jurisdiction to adjudicate and determine any issues that arise out of or relate to a sale of any Property of the Debtor.

### 11.3    Plan Disputes

The Court shall retain jurisdiction to determine any Disputes, which may arise regarding the interpretation of any provisions of this Plan.

### 11.4    Further Orders

The Court shall retain jurisdiction to facilitate the Consummation of this Plan by entering, consistent with the provisions of this Plan, any further necessary or appropriate order(s) regarding the enforcement of this Plan and any provision(s) thereof.

### 11.5    Other Claims

The Court shall retain jurisdiction to adjudicate any causes of Action or other proceedings presently pending or otherwise referenced here or elsewhere in this Plan, including, but not limited to any action regarding the initiation, prosecution, enforcement, compromise or settlement of the causes of action in the Debtor's Estate, and the adjudication of any and all "core proceedings" under 28 U.S.C. §157(b) which may be pertinent to the Bankruptcy Case.

### 11.6    Enforcement of Plan

The Court shall retain jurisdiction to enforce any provisions of this Plan, and any and all documents relating to this Plan, including but not limited to the conduct of sales pursuant to 11 U.S.C. §§ 363(f) or (h), and the approval of any borrowing by the Debtor, if required by the lender.

### 11.7    Appeals

In the event of any appeal of the Confirmation Order, and provided that no stay of the effectiveness of such Confirmation Order has been entered, the Court shall retain jurisdiction to implement and enforce the Confirmation Order and this Plan according to their terms, including, but not limited to, jurisdiction to enter such orders regarding disbursements under this Plan or the consummation thereof as may be necessary to effectuate the terms of this Plan.

### 11.8    Tax Issues

The Court shall retain jurisdiction to adjudicate and determine any issues that relate to this Bankruptcy Case, and any governmental unit's claim with respect to any tax, or any fine, interest or penalty relating to a tax.

**11.9  Unexpired Leases And Other Executory Contracts**

The Court shall retain jurisdiction to determine any and all claims arising from rejection of unexpired leases and other executory contracts.

**11.10  Settlement Agreement Disputes**

The Court will retain jurisdiction to determine any dispute which may arise regarding the enforcement of any settlement or compromise related to the Debtor's Bankruptcy Case.

**11.11  Professional Fees and Costs.**

The Court will retain jurisdiction to determine any and all issues that relate to the payment of professionals in the Debtor's Bankruptcy Case.

**11.12  Close of Case**

This case shall be deemed closed upon entry of a final decree closing this case. Notwithstanding anything to the contrary contained herein, the Proponent shall not be bound by estoppel, or the principles of *res judicata* or collateral estoppel, with respect to any term or provision contained herein in the event the Plan is not confirmed upon the terms and provisions set forth herein.

## ARTICLE XII - RETENTION AND PROSECUTION OF CLAIMS

**12.1  Preservation of Debtor's Claims, Demands, and Causes of Action**

In accordance with Bankruptcy Code Section 1123(b)(3), all of the Debtor's claims and causes of action will survive the entry of the Confirmation Order and the Effective Date; they will not be discharged by the Plan; and they will become and remain assets of the reorganized Debtor after the Effective Date. The Reorganized Debtor may bring such action within the longer of (i) the applicable state or federal statute of limitation applicable to such claim or cause of action or (ii) 180 days after the Effective Date.

**12.2  Procedure for Determination of Claims**

Except as to any Claim that has been Allowed by a Court Order, on or before the first business day that occurs on or after the 60th day after the Effective Date, the Debtor and/or any party in interest must file with the Bankruptcy Court an objection to any Application for Approval of Administrative Claim, proof of claim or proof of interest filed, or deemed filed

herein or seek estimation thereof on any Claim (including any Claim amounts stated in the Plan). Without limiting any other rights or defenses available to the Debtor, the Debtor specifically reserves the right to object to claims as provided for in 11 U.S.C. § 502(d). **Any Claims not timely filed or allowed shall be discharged by the Confirmation Order.**

### 12.3   Disputed Claims

No payments or other distributions will be made to holders of Claims unless and until such Claims are Allowed Claims pursuant to a Final Order. If a Claim is not an Allowed Claim by or on the Effective Date or when payment is otherwise due under the Plan, payment of the Allowed Claim will be made when a Claim becomes an Allowed Claim after the Effective Date or as otherwise specifically provided in the Plan.

### 12.4   Treatment of Contingent Claims

Until such time as a contingent Claim or a contingent portion of an Allowed Claim becomes fixed or absolute or is Disallowed, such Claim will be treated as a Disputed Claim for all purposes related to distributions under the Plan. The holder of a contingent Claim will only be entitled to a distribution under the Plan when and if such contingent Claim becomes an Allowed Claim.

### 12.5   Administrative Claims Bar Date

Administrative expense proofs of claim requesting payment of administrative costs and expenses incurred prior to the Effective Date pursuant to Sections 507(a)(1) and 503(b) of the Bankruptcy Code (except for professionals employed pursuant to Section 327 of the Bankruptcy Code) must be served and filed with the Bankruptcy Court no later than thirty (30) days after the Effective Date; provided, however, that proofs of claim will not be required with respect to any unpaid post-petition operating expenses incurred in the normal course of the Debtor's business prior to the Effective Date. Any such Claim that is not served and filed within this time period will be forever barred. Any Claims for fees, costs, and expenses incurred by any Chapter 11 Professionals after the Confirmation Date will be paid in the ordinary course of the Debtor's business.

# ARTICLE XIII - PROVISIONS GOVERNING DISTRIBUTIONS

## 13.1 **Distributions by Reorganized Debtor.**

All Allowed Claims against the Debtor will be paid by the reorganized Debtor according to the Plan.

## 13.2 **Date of Distributions**

Except as otherwise provided in the Plan, or as may be ordered by the Bankruptcy Court, distributions of Cash as to Allowed Claims as of the Effective Date will be made as of the Effective Date or as otherwise agreed by the respective parties. Authorized distributions to be made as of the Effective Date will be deemed made as of the Effective Date if made on the Effective Date or as promptly thereafter as practicable, but in any event no later than thirty (30) days after the Effective Date. Distributions on account of the disputed portion of Disputed Claims that are allowed after the Effective Date will be made as provided in the Plan and if not so provided no later than thirty (30) days after entry of a Final Order allowing the Claim.

## 13.3 **Delivery of Distributions**

Subject to Bankruptcy Rule 9010, distributions and deliveries to each holder of an Allowed Claim will be made at the address of such holder as set forth on the respective Proof of Claim (or at the last known address of such holder if no Proof of Claim is filed or if the Debtor has been notified of a change of address) as of the last business day prior to the Effective Date. If any holder's distribution is returned as undeliverable, no further distribution to such holder will be made unless and until the reorganized Debtor is notified of such holder's then current address, at which time all missed distributions will be made to such holder without interest. The Debtor will be under no obligation to attempt to locate the holder of any Allowed Claim or to recognize any purported transfer or encumbrance on the rights of holders of Allowed Claims after the Confirmation Date. Amounts of undeliverable distributions attempted by the reorganized Debtor will be retained by the reorganized Debtor until such distributions are claimed or become Unclaimed Property. All Claims for undeliverable distributions will be made on or before the first anniversary of the Effective Date. After such date, all Unclaimed Property will revert to and become the property of the reorganized Debtor.

### 13.4    **Means of Payment**

Payments made to holders of Allowed Claims pursuant to this Plan will be in United States dollars by checks drawn on the domestic bank selected by the reorganized Debtor, or by wire transfer from a domestic bank, at the option of the reorganized Debtor. Payment shall be deemed made upon deposit by the reorganized Debtor of such payment in the United States mail, first class postage pre-paid.

### 13.5    **DeMinimis Cash Distributions**

No Cash payment of less than ten dollars ($10.00) will be made to any holder of an Allowed Claim unless a request therefore is made in writing to the reorganized Debtor.

### 13.6    **Setoff**

The reorganized Debtor will, pursuant to Section 553 of the Bankruptcy Code or common law rights of setoff and/or recoupment, in the ordinary course of business setoff or assert recoupment against any Allowed Claim, and the distributions to be made pursuant to this Plan on account of such Claim, the claims, rights, and Causes of Action of any nature that the Debtor may hold against the holder of such Claim; provided, however, that neither the failure to effect such a setoff nor the allowance of any Claim hereunder will constitute a waiver or release by the Debtor of any such claims, rights, and Causes of Action that the Debtor may possess against such holder.

### 13.7    **Pre-payment of Plan Obligations**

Despite any prohibitions in any claimants' loan documents, the Debtor shall retain any and all rights to pre-pay any and all obligations under the Plan.

### ARTICLE XIV - GENERAL PROVISIONS

### 14.1    **Extension of Payment Dates**

If any payment date falls due on any day that is not a Business Day, then such due date will be extended to the next Business Day.

### 14.2    **Notices**

Any notice required or permitted to be provided under the Plan will be in writing and served by regular postage prepaid first-class mail, hand-delivery, facsimile, or e-mail.

### 14.3    **Closing of the Case**

At such time as the Plan has been fully administered (*i.e.*, when the Plan has been substantially consummated), the reorganized Debtor will file an application for Final Order showing that the Plan has been fully administered and will seek to close the case.

### 14.4    **Exculpation and Limitation of Liability**

Neither the Debtor, nor any of its respective present or former officers, directors, employees, advisors, attorneys, or agents will have or incur any liability to any holder of a Claim or Equity Interest, or any other party-in-interest, or any of their respective agents, employees, representatives, financial advisors, attorneys, or affiliates, or any of their successors or assigns, for any act or omission in connection with, relating to, or arising out of the Bankruptcy Case, the extension of credit to the Debtor during the Bankruptcy Case pursuant to Debtor-in-possession financing or the use of cash collateral, efforts to obtain confirmation of the Plan, the consummation of the Plan, or the administration of the Plan or the property to be distributed under the Plan, whether now known or hereafter discovered, except for those causes of action allowed under applicable state or federal law (e.g. Arizona corporate law), and in all respects such parties will be entitled to rely reasonably upon the advice of counsel with respect to their duties and responsibilities under the Plan or in the context of the Bankruptcy Case.

### 14.5    **General Injunction**

Except as otherwise expressly provided in this Plan, the Confirmation Order shall provide, among other things, that all parties-in-interest who have held, hold, or may hold Claims are permanently enjoined on and after the Effective Date from: (a) commencing or continuing in any manner any action or other proceeding of any kind with respect to any such Claim against the Debtor or any successor-in-interest of the Debtor, against property of the Debtor, or against property of any successor-in-interest of the Debtor; (b) the enforcement, attachment, collection, or recovery by any manner or means of any judgment, award, decree, or order against the Debtor or any successor-in-interest of the Debtor, property of the Debtor, or against property of any successor-in-interest of the Debtor with respect to any such Claim; (c) creating, perfecting, or enforcing any encumbrance of any kind against the Debtor or any successor-in-interest of the

Debtor, against property of the Debtor, or against property of any successor-in-interest of the Debtor with respect to any such Claim; (d) from asserting any setoff, right of subrogation, or recoupment of any kind against any obligation due the Debtor or any successor-in-interest of the Debtor, against property of the Debtor, or against property of any successor-in-interest of the Debtor, with respect to any such Claim; (e) conducting any form of discovery from the Debtor with respect to any such Claim, or any successor-in-interest of the Debtor; and/or (f) harassing the Debtor or any successor-in-interest of the Debtor.

### 14.6 Interest

Whenever interest is to be computed under the Plan, interest will be simple interest and not compounded. Unless otherwise specifically provided for in the Plan or the Confirmation Order, post-petition interest shall not accrue or be paid on Claims, and no holder of a Claim will be entitled to interest accruing on or after the applicable Petition Date on any Claim.

### 14.7 Additional Assurances

The Debtor and any party-in-interest holding Claims herein will execute such other further documents as are necessary to implement any of the provisions of the Plan.

### 14.8 Confirmation by Non-Acceptance Method

The Debtor hereby requests, if necessary, confirmation of the Plan pursuant to Section 1129(b) of the Bankruptcy Code with respect to any impaired Class of Claims that does not vote to accept the Plan.

### 14.9 Vesting

As of the Effective Date of the Plan, the reorganized Debtor shall retain and be vested with all of the assets of the Estate. All assets retained shall be free and clear of all liens, claims, and interest of creditors and parties-in-interest, except as specifically provided in this Plan.

### 14.10 Successors and Assigns

The rights and obligations of any Creditor or other party-in-interest referred to in the Plan will be binding upon, and will inure to the benefit of, the successors, assigns, heirs, devisees, executors, and personal representatives of such Creditor or party-in-interest.

### 14.11 Withdrawal of Plan

The Plan may be withdrawn or revoked by the Debtor at any time before entry of the Confirmation Order.

### 14.12 Severability and Reformation

It is the intention of Debtor to comply fully with the Bankruptcy Code and applicable non-bankruptcy law in proposing the Plan. Therefore, if any provision of the Plan is determined by the Bankruptcy Court to be contrary to the Bankruptcy Code or applicable non-bankruptcy law, that provision will be deemed severed and automatically deleted from the Plan, if it cannot be reformed or the provision or its interpretation will be deemed reformed to ensure compliance; provided, however, that nothing contained in this paragraph will prevent the Debtor from modifying the Plan in any manner whatsoever in accordance with and as set forth in the Plan. Pursuant to any ruling by the Bankruptcy Court regarding the subject matter of this paragraph, any such severance or reformation will be stated specifically in the Confirmation Order, which then will control notwithstanding any contrary or inconsistent provisions of the Plan.

### 14.13 Prohibition Against Prepayment Penalties

If the reorganized Debtor so chooses, in their sole and absolute discretion, to prepay any obligation on which deferred payments are provided for under the Plan, the reorganized Debtor will not be liable or subject to the assessment of any prepayment penalty thereon unless otherwise ordered by the Bankruptcy Court.

### 14.14 Fractional Dollars

Notwithstanding any other provision of the Plan, no payments or distributions under the Plan of or on account of fractions of dollars will be made. When any payment or distribution of or on account of a fraction of a dollar to any holder of an Allowed Claim would otherwise be required, the actual payment or distribution made will reflect a rounding up of such fraction to the nearest whole number.

### 14.15 Payment of Statutory Fees and Filing of Quarterly Reports

All fees payable pursuant to 28 U.S.C. § 1980, as determined by the Bankruptcy Court at or in conjunction with the Confirmation Hearing, will be paid on or before the Effective Date

and, thereafter, in accordance with applicable bankruptcy law. All quarterly reports of disbursements required to be filed by applicable bankruptcy law will be filed in accordance with applicable bankruptcy law.

### 14.16  Governing Law

Except to the extent that the Bankruptcy Code is applicable, the rights and obligations arising under this Plan shall be governed by, construed, and enforced in accordance with, and subject to, the laws of the State of Arizona, excluding any laws that result in the application of the laws of another jurisdiction.

### 14.17  Special Tax Issues

The issuance, transfer, or exchange of a security as defined under the Bankruptcy Code or applicable law, or the making or delivery of any instrument of transfer under this Plan, shall not be taxed under any state or local law imposing a stamp tax or similar tax as provided in Section 1146 of the Bankruptcy Code.

### 14.18  Conflicts Between Plan and Confirmation Order

In the event the terms of this Plan and the Confirmation Order conflict, the terms of the Confirmation Order shall govern.

RESPECTFULLY SUBMITTED:  April 20, 2015.

**DIAMOND R, LLC**

/s/ *Ron E. Varela*
Ron E. Varela, Member

**APPROVED AS TO FORM AND CONTENT:**

**ALLEN MAGUIRE & BARNES, PLC**

By: /s/ *THA #11160*
Thomas H. Allen
Katherine Anderson Sanchez
1850 N. Central Avenue, Suite 1150
Phoenix, Arizona  85004
Attorneys for Debtor